1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No. 2:18-cr-00196-TLN

12                  Plaintiff,

13          v.                                      **ORDER**

14    MARTA JIMINEZ LOPEZ,

15                  Defendant.

16

17          This matter is before the Court on Defendant Marta Jiminez Lopez's ("Defendant") *pro se*

18    Letter Requesting Case Evaluation Pursuant to 18 U.S.C. § 3582(c) and Amendment 821.  (ECF

19    No. 180.)  The Federal Defender's Office filed a notice indicating it would not assume

20    representation of Defendant in this matter.  (ECF No. 183.)  The Government subsequently filed a

21    status report indicating it did not intend to respond to Defendant's letter, arguing at most the letter

22    should be construed as a motion to appoint counsel, not a motion for sentence reduction.  (ECF

23    No. 101.)  Defendant did not file a reply.

24          On August 16, 2019, Defendant pleaded guilty to conspiracy to distribute at least 500

25    grams of a mixture or substance of methamphetamine in violation of 21 U.S.C. §§ 846 and

26    841(a)(1).  (ECF Nos. 57, 59.)  In the presentence report ("PSR"), the probation officer found a

27    total offense level of 37 and a criminal history category of I based on a criminal history score of

28    zero.  (ECF No. 134 at 8–9.)  At sentencing, the Court adopted the PSR in full and sentenced

1    Defendant to a 189-month sentence of imprisonment, which fell below the applicable guideline

2    range of 210 to 262 months.  (ECF Nos. 148, 156.)

3          On July 12, 2024, Defendant filed the instant letter requesting the Federal Defender's

4    Office evaluate whether she is entitled to a sentence reduction under Amendment 821, which

5    became effective in November 2023.  (ECF No. 180.)  As mentioned, the Federal Defender's

6    Office declined Defendant's request for representation in this matter.  (ECF No. 183.)  However,

7    even if the Court liberally construes Defendant's letter not only as a request for counsel, but also

8    as a motion for a sentence reduction, the Court concludes Defendant is not entitled to a sentence

9    reduction under Amendment 821.

10         Two provisions of Amendment 821 apply retroactively.  U.S.S.G § 1B1.10(d).  First, in

11   Part A, the Sentencing Commission amended the "status point" provision regarding criminal

12   history, which now appears in U.S.S.G. § 4A1.1(e).  Under the amended provision, a person who

13   otherwise presents 7 or more criminal history points now receives 1 status criminal history point,

14   instead of 2, for an offense committed while under a criminal justice sentence, while a person

15   who otherwise presents 6 or fewer criminal history points receives no status points.  *Compare*

16   U.S.S.G. § 4A1.1(d) (2021 and prior versions), *with* U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).  Second,

17   in Part B Subpart 1, the Sentencing Commission added a "zero-point offender" provision in

18   U.S.S.G. § 4C1.1(a), which provides a two-level reduction in offense level for certain offenders

19   who meet ten enumerated criteria.

20         Defendant is not eligible for a reduction under either provision.  First, Defendant did not

21   receive any status points at sentencing.  Therefore, the Court cannot reduce her sentence on that

22   basis.  *See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment . . . is

23   not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does

24   not have the effect of lowering the defendant's applicable guideline range.").  Second, Defendant

25   does not qualify as a zero-point offender because she possessed firearms in connection with the

26   offense.  *See* U.S.S.G. § 4C1.1(a)(7) (requiring that the defendant did not possess, receive,

27   purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . .

28   . in connection with the offense).

1    For the foregoing reasons, the Court DENIES Defendant's motion.  (ECF No. 180.)

2    IT IS SO ORDERED.

3  Date: November 4, 2024

4

5    _____

6    TROY L. NUNLEY
     CHIEF UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28